UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ERSKINE DELOACH, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) No. 09 C 4665 ) |
| DAVE REDNOUR, Warden, | ) Judge Rebecca R. Pallmeyer ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Following a trial in the Circuit Court of Cook County, Erskine DeLoach ("Petitioner") was convicted of home invasion, armed robbery, aggravated criminal sexual assault, and aggravated kidnaping. DeLoach was sentenced on May 15, 1998, to four consecutive terms of 30 years in prison. DeLoach has exhausted his state remedies and petitions this court for a writ of habeas corpus, arguing that the evidence against him was insufficient to support his sexual assault conviction, that his appellate counsel was ineffective, and that his sentences should have been imposed concurrently rather than consecutively. For the reasons state herein, DeLoach's petition is denied.

## FACTUAL HISTORY[1]

At approximately 4 a.m. on February 22, 1997, Louise Watson, 74, awoke to find four men with handguns in her bedroom, where she had been sleeping with her twin six-year-old granddaughters. One of the men had his handgun pressed to the back of her son Kevin's head. The four men had surrounded Kevin as he sat in his van outside his home waiting for the engine to warm up, ordered him out of the van, and forced him at gunpoint into his mother's bedroom. The

---

[1] The factual history is drawn from the Illinois Appellate Court's opinion, whose factual findings this court presumes to be correct. 28 U.S.C. § 2254(e)(1). *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). This factual background is recounted in more detail in that opinion, *People v. Harris*, 314 Ill. App. 3d 409, 411-417, 731 N.E.2d 928, 930-934 (1st Dist. 2000).

men, whom Louise Watson identified in court (Petitioner and co-defendants Sammy Lowery, Derrick Harris, and Dante Handy), were demanding money and threatening to kill Kevin if they did not receive any. She gave them $12, all that she had with her.

Lowery went into the bedroom of Louise Watson's 15-year-old granddaughter, Monica, and, after a struggle with Watson, pulled Monica from her bed. The men took Monica from the home and left in Kevin's van. While in the van, the men raped Monica multiple times orally, anally and vaginally. Eventually, the men left the van, and DeLoach told Monica that if she told anyone what had happened they would kill her family. He then gave Monica directions to her house and she drove home in the van. She arrived home and told the police–who had been called by her father immediately after she was abducted–what had happened. She was immediately taken to the hospital.

## **PROCEDURAL HISTORY**

Following his conviction, DeLoach first appealed to the Illinois Appellate Court for the First District. He argued that the trial court erred in denying his motion to suppress, that there was insufficient evidence to prove him guilty beyond a reasonable doubt, and that the trial court abused its discretion by imposing the maximum possible sentence. *Harris*, 314 Ill. App. 3d at 417, 419, 420, 731 N.E.2d at 934-36. On June 13, 2000, the appellate court affirmed the denial of the motion to suppress, and upheld the trial court's finding that DeLoach's confession was truthful and not coerced. *Id.* at 418, 731 N.E.2d at 934-35. ("Here the trial court chose to believe the prosecution witnesses. We cannot say that such a finding was against the manifest weight of the evidence."). The court next rejected DeLoach's contention that a lack of inculpatory DNA evidence meant there was insufficient evidence to prove him guilty beyond a reasonable doubt. *Id.* at 419, 731 N.E.2d 935-36. "While DeLoach is correct that the DNA evidence did not inculpate him, neither did it exculpate him. . . . [T]he victims identified DeLoach in lineups and in open court. . . [T]here was a confession. Based on this evidence, we cannot say that no rational trier of fact could have found

DeLoach guilty beyond a reasonable doubt." *Id.* at 419, 731 N.E.2d at 936. Noting that, "[t]he evidence of the repeated acts of aggravated criminal sexual assault committed by the defendants against the 15-year-old minor victim is horrific," the court "acknowlege[d] the sentences are harsh, [but] we cannot say that the sentences constitute an abuse of discretion." *Id.* at 420, 731 N.E.2d at 936-37. DeLoach filed a petition for rehearing on July 4, 2000, and that petition was denied on July 19, 2000.

On August 18, 2000, DeLoach petitioned for leave to appeal to the Supreme Court of Illinois from the denial of rehearing. (Pet. for Leave to Appeal, Resp's Ex. D.) DeLoach and co-defendants Harris and Lowery invoked the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), arguing that under *Apprendi*, "they should receive a single maximum sentence of thirty (30) years because each charged offense is a lessor [sic] included part of the Home Invasion statute." (Pet. for Leave to Appeal at 2.) The Supreme Court denied DeLoach's petition for leave to appeal on October 4, 2000. (Denial of Pet. for Leave to Appeal, Resp's Ex. E.)

On December 15, 2000, DeLoach filed his petition for post-conviction relief with the Circuit Court of Cook County. DeLoach argued that the imposition of the sentences consecutively rather than concurrently violated the Supreme Court's *Apprendi* decision and Illinois sentencing law. (Pet. for Post-Conviction Relief at 2, 3, Resp's Ex. F.) The circuit court dismissed the post-conviction petition on July 14, 2005. ( Resp's Ex. G at 2.)

DeLoach appealed the dismissal of his post-conviction petition on the *Apprendi* issue to the First District Appellate Court on July 14, 2005, and on March 30, 2007, the appellate court affirmed the circuit court's dismissal of the petition. *People v. DeLoach*, No. 1-05-2484, at *2 (1st Dist. March 30, 2007). The court also granted the state appellate defender's motion to withdraw as appellate counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), agreeing with the appellate defender's argument that an appeal "would be frivolous and without merit." *DeLoach*, No.

3

1-05-2484, at *2. On September 26, 2007, the Supreme Court denied DeLoach's leave to appeal. (Resp's Ex. K.) On December 4, 2008, the circuit court denied DeLoach's motion to file a successive post-conviction petition. (Resp's Ex. L.)

On July 31, 2009, DeLoach filed this petition for habeas corpus. He alleges ineffective assistance of trial or appellate counsel; that there was insufficient evidence to convict him of sexual assault; and that the trial court should have imposed consecutive rather than concurrent sentences. (Pet. for Writ of Habeas Corpus at 5-6.) Respondent moved to dismiss, arguing that DeLoach's motion is untimely under 28 U.S.C. § 2244(d)(1). Respondent contends that the one-year limitations period of that statute expired one year after the Illinois Supreme Court denied his request to appeal the denial of his original post-conviction petition–that is, September 26, 2008. (Resp's Mot. to Dismiss at 8-9.) Respondent further argues that DeLoach is not entitled to equitable tolling. (*Id.* at 11-12.)

DeLoach asserts that the state created the impediment that prevented him from filing on time by failing to provide access to the law library and not providing the forms needed to file his habeas petition. (Traverse to Resp's Mot. to Dismiss at 1.) According to Respondent, records from the prison law library show that DeLoach was in fact afforded adequate access to the prison law library. (Reply in Supp. of Mot. to Dismiss at 2.) Respondent further argues that DeLoach's claims are procedurally defaulted, and that no grounds excuse his default. (*Id.* at 8-12)

## **ANALYSIS**

Before addressing Petitioner's three arguments, the court reviews the now-familiar standards applicable in § 2254 proceedings. This court will grant a writ of habeas corpus only when the state court decision in question was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Virsnieks v. Smith*, 521 F.3d 707, 713 (7th Cir. 2008). Before this court will consider his claims, the petitioner is required to "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "In order to satisfy this requirement, a petitioner must fairly present his federal claims at each level of the state's established review process. . . . Failure to do so constitutes procedural default that precludes review by federal courts." *Johnson v. Pollard*, 559 F.3d 746, 751-52 (7th Cir. 2009) (citations omitted). A federal habeas petitioner "may raise a federal claim which has been procedurally defaulted [only] if he can demonstrate adequate *cause* to excuse his failure to raise the claim in state court and actual *prejudice* resulting from the default." *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991).

Whether Petitioner has defaulted his claims turns in part on state law. "Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). For cases like this one, arising from a conviction in Illinois, "the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). An issue that could not have been raised on direct appeal or in a petition for leave to appeal to the Illinois Supreme Court is forfeited if it is not pursued in a state post-conviction petition. *United States ex rel. Lewis v. Sternes*, No. 02 C 2905, 2009 WL 31687607, at *3 (N.D. Ill. Dec. 2, 2002) (citing *Farrell*, 939 F.2d at 411).

In addition, the petition for habeas corpus must be timely filed with this court pursuant to 28 U.S.C. § 2244(d)(1)(A), (B) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review; [or] the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.") Because this court finds his claims should otherwise be dismissed, it does not reach the timeliness issue.[2] As explained below, the court concludes that two of DeLoach's claims are procedurally

---

[2]  DeLoach filed his petition with this court on July 31, 2009. Respondents contend that the one-year statute of limitations period for DeLoach to file expired on September 26, 2008, or, at the very latest, January 5, 2009. (Resp's Mot. to Dismiss ¶¶ 19, 26.) DeLoach argues for equitable tolling of the statute, asserting hat he was prevented from filing his petition on time due to inadequate access to the law library at Menard Correctional Center. (Reply in Supp. of Traverse at 2.) He cites 28 U.S.C. § 2244(d)(1)(B), which explains that the statute of limitations for filing should run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

"[E]quitable tolling of the limitation period . . . is warranted if extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) (citation and quotation omitted). The Supreme Court recently held that equitable tolling does apply to 28 U.S.C. § 2244(d), where petitioner shows he was diligent but was prevented from timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Several courts have left open the possibility that inadequate prison law library facilities or access could support statutory or equitable tolling. *See, e.g.*, *Moore*, 476 F.3d at 508; *Edgerton v. Cockrell*, 334 F.3d 433, 437-38 (5th Cir. 2003); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). In support of his argument, DeLoach presents the affidavit of Geoffrey W. Freeman, a prisoner at Menard who has worked as a law clerk at the prison law library. Freeman claims that "there now exist[s] a policy at the Menard Correctional Center which involves intentionally denying to prisoners access to the Law Library during periods where said prisoner has a specific court deadline." (Aff. of Geoffrey W. Freeman ¶ 3, Ex. 1 to Reply in Supp. of Traverse.) Specifically, DeLoach alleges that he was told by Menard staff that he did not need to file his habeas corpus petition until after he filed his second post-conviction petition and that he has not been afforded access to the law library since being placed in segregation in October 2007. (Aff. of Erskine DeLoach ¶¶ 5, 8, Ex. 3 to Reply in Supp. of Traverse.) He also alleges that the proper forms were not made available to file his habeas petition. (Traverse to Mot. to Dismiss ¶ 11.)  This is not the first time a petitioner has argued that Menard has put roadblocks in the path of inmates seeking to use the law library. *See, e.g., Barnwell v. West*, No. 3:02-cv-925, 2007 WL 2714112 (S.D. Ill. Sept. 17, 2007) (lockdown prevented timely filing); *United States ex rel. Strong v. Gaetz*, No. 07 C 435, 2009 WL 3060267 (N.D. Ill. Sept. 21, 2009) (alleging misinformation about filing deadline, denial of access to the law library, and lockdowns prevented timely filing); *United States ex rel. Plummer v. Gaetz*, No. 08 C 1885, 2009 WL 458620, at *3 (N.D. Ill. Feb. 23, 2009) (lockdowns prevented access to law library and timely filing); *McKinney v. Hulick*, No. 3:07-cv-178-DGW, 2008 WL 904855, at * 5 (S.D. Ill. March 31,
(continued...)

defaulted. The third lacks merit.

I.      **Ineffective Assistance of Appellate Counsel**

DeLoach's first claim for habeas relief is ineffective assistance of counsel. (Pet. for Habeas Corpus at 5.) Though DeLoach does not specify whether he is alleging that trial or appellate counsel was ineffective, he argues that counsel failed to raise an argument as to the sufficiency of the evidence against him. (*Id.*) DeLoach argues that counsel should have challenged the sufficiency of the evidence against him regarding his sexual assault conviction because there is a lack of DNA evidence proving that he anally or orally assaulted the victim.[3] (*Id.*)

Nothing in the record suggests that DeLoach has previously raised an ineffective assistance of counsel argument, either directed toward trial or appellate counsel. If he is alleging ineffective assistance of trial counsel, DeLoach might have been excused for not raising that challenge in a direct appeal. *See, for example, United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005) (collecting cases) (citing *Massaro v. United States*, 538 U.S. 500 (2003), for the proposition that ineffective assistance of counsel claims in § 2255 cases need not be brought on direct appeal). *But see Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005) ("[E]ven if *Massaro* were to be applied to proceedings under § 2254, it would not permit the defendant to omit the ineffective-assistance claim from *both* direct and collateral review in state court.") DeLoach, however, did not raise an ineffective assistance argument in his petition for leave to appeal or post-conviction petition, and

---

[2](...continued)
2008). Nonetheless, because DeLoach's claims otherwise fail, this court need not decide whether his allegations would warrant equitable or statutory tolling.

[3]     In fact, his appellate counsel did raise a challenge to the sufficiency of the evidence, and the appellate court rejected that challenge. *See Harris*, 314 Ill. App. 3d at 419, 731 N.E.2d at 936.

DeLoach alleges no cause that would excuse this failure.[4]  The ineffective assistance claim is therefore procedurally defaulted.

## II.     Sufficiency of the Evidence

DeLoach next claims that the evidence of anal and oral sexual assault presented at trial was insufficient to support his conviction for sexual assault.  (Pet. for Habeas Corpus at 5-6.)  This issue was raised on direct appeal, but rejected by the state appellate court. "While DeLoach is correct that the DNA evidence did not inculpate him, neither did it exculpate him. . . . [T]he victims identified DeLoach in lineups and in open court. . . . [T]here was a confession. Based on this evidence, we cannot say that no rational trier of fact could have found DeLoach guilty beyond a reasonable doubt." *Harris*, 314 Ill. App. 3d at 419, 731 N.E.2d at 936.

DeLoach, however, did not raise this issue again in his petition for leave to appeal to the Supreme Court of Illinois, nor did he raise it in his post-conviction petition.  DeLoach alleges that the cause excusing him from presenting this issue to the Supreme Court is the ineffectiveness of appellate counsel.  A defendant's right to counsel does not extend to discretionary appeals, however; thus, "ineffective assistance of counsel does not constitute cause when the petitioner asserts his counsel should have raised claims in a [petition for leave to appeal] to the Illinois Supreme Court." *United States ex rel. McCray v. Gaetz*, No. 10 C 463, 2010 WL 3547983, at *6 (N.D. Ill. Sept. 7, 2010).  Absent other cause as to why DeLoach did not raise the sufficiency of the evidence claim in his petition for leave to appeal to the Illinois Supreme Court, that claim is also procedurally defaulted.

---

[4]     The only cause DeLoach advances for defaulting on any of his claims is in fact ineffective assistance of counsel. (Pet. for Habeas Corpus at 6.) As discussed below, because a defendant's right to counsel does not extend to discretionary appeals, ineffective assistance of counsel cannot excuse DeLoach's failure to allege ineffective assistance in his petition for leave to appeal or in his post-conviction petition.

8

Although it need not reach this claim, the court notes that the sufficiency-of-the-evidence challenge has no obvious merit. Under Illinois law, "medical evidence is not necessary to prove a defendant guilty of aggravated criminal sexual assault." *People v. York*, 312 Ill. App. 3d 434, 440, 727 N.E.2d 674, 680 (2d Dist. 2000) (citing *People v. Fryer*, 247 Ill. App. 3d 1051, 1058, 618 N.E.2d 377, 382 (1st Dist. 1993)).

### III. Trial Court Error in Sentencing Consecutively Rather Than Concurrently

Finally, DeLoach argues that the trial court erred in sentencing him to four sentences consecutively rather than concurrently. (Pet. for Habeas Corpus at 6.) DeLoach first broached this argument in his petition for leave to appeal to the Illinois Supreme Court, arguing that the United States Supreme Court's decision in *Apprendi* rendered the imposition of consecutive sentences illegal. (Pet. for Leave to Appeal at 2.) DeLoach argued that he "should receive a single maximum sentence of thirty (30) years because each charged offense is a lessor [sic] included part of the Home Invasion statute." (*Id.*) Defendants argued in their direct appeal that the trial court "abused its discretion in imposing the maximum possible sentence upon each of them," an argument that the appellate court rejected. *Harris*, 314 Ill. App. 3d at 419-20, 731 N.E.2d at 936 ("The defendants do not argue that consecutive sentences were improperly imposed under the sentencing code. . . . They argue, rather, that the sentence on each individual count was excessive. However, it is only proper to disturb a sentence within the statutory limits if the sentence constitutes an abuse of the trial court's discretion. . . . It is not enough that we might have imposed a different sentence in the trial court's place.") (citations omitted).

DeLoach has made several arguments related to the trial court's imposition of consecutive sentences in the past. Construed liberally, DeLoach's current petition challenges his sentence both under the state sentencing statute and under *Apprendi*. At first blush, it would appear that DeLoach's challenges are not procedurally defaulted because he has fairly raised them at every

possible round of state court review. To the extent that DeLoach's arguments focused on the state's application of its own sentencing laws, however, that claim is non-cognizable in this court. "[A]n error in the interpretation . . . of state sentencing rules, does not present a cognizable claim for federal habeas relief." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

Because DeLoach did raise some version of the *Apprendi* argument at every stage of appellate review possible (beginning with his PLA to the Illinois Supreme Court, filed not long after the *Apprendi* decision[5]), the court declines to dismiss this claim on grounds of procedural default. Assuming the *Apprendi* claim is properly before the court, a recent Supreme Court decision defeats it. *Apprendi* stands for the proposition that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. DeLoach has argued that the imposition of consecutive rather than concurrent sentences violates *Apprendi*. "In the case before the Court, the defendants were sentence[d] to consecutive sentences on evidence that the jury never had the opportunity to decide beyond a reasonable doubt." (Pet. for Leave to Appeal at 15.) The Supreme Court has squarely rejected the contention that *Apprendi* requires a jury to find facts necessary to impose consecutive rather than concurrent sentences. "Most States continue the common-law tradition: They entrust to judges' unfettered discretion the decision whether sentences for discrete offenses shall be served consecutively or concurrently. . . . We hold, in light of historical practice and the authority of States over administration of their criminal justice systems, that the Sixth Amendment does not exclude [this] choice." *Oregon v. Ice*, 129 S.Ct. 711, 714-15 (2009).

## **CONCLUSION**

---

[5] The Supreme Court decided *Apprendi* on June 26, 2000. 530 U.S. at 466. DeLoach and co-defendants Harris and Lowery filed their petition for rehearing on July 4, 2000, and petition for leave to appeal on August 18, 2000. (Pet. for Leave to Appeal at 1.)

DeLoach's petition for habeas corpus [1] is denied and Respondent's motion to dismiss [15] is granted.

ENTER:

Dated: September 30, 2010

_____
REBECCA R. PALLMEYER
United States District Judge